REDMANN, Judge.
Plaintiff assignees appeal from the dismissal of a bankrupt’s claim against defendant corporation.
The trial judge accepted the testimony of a person who had been, over a period of *361 some 25 or 30 years, the sole proprietor and then the controlling shareholder of a precursor of the bankrupt. That testimony was that the debt the bankrupt claimed from defendant corporation was owed by the individual or partnership precursors of defendant corporation; that credit was never extended to the corporation except in the sense that all purchases in a given week were allowed to be paid for at the week’s end. That testimony would have supported the trial judge’s judgment except that it is contradicted by the business records of the bankrupt — records which were kept by the witness herself. Those records show that credit was extended to the corporation for its weekly purchases, and establish that defendant corporation is liable for $37,471.24.
Corporate purchases for week ending February 5, 1964 were $13,108.46; February 12, $12,904.72; February 19, $13,055.87; February 24 (sic) $12,460.13. As of a February 29 statement to the corporation, all of those amounts are claimed due, as well as a $3,242.06 January balance, making a corporate debt total of $54,771.24 (plus $12,700 old personal or partnership debt). (Also as of February 29, a separate statement to “Car Stock J. R. & Lawrence Bienvenu” claimed $1,315.20 balance for December through February. A third February 29 statement to “Car Stock Lawrence Bienvenu, Old Account” claimed $2,272.32.)
Then on November 30, 1964 a statement to the corporation claimed a balance for the week of February 5 of only $9,050.52. But the same charges for purchases in the weeks ending February 12, 19 and 24 (sic) remained, making a total of $47,471.24 (to which the statement added the amounts of the two “car stock” statements of February 29 not addressed to the corporation, and only $7,500 of old personal or partnership debt.) Eleven months later, on September 30, 1965, the February 5, 1964 balance is reduced to $4,550.52 (erroneously; the payments shown reduce it to $4,050.52) and the three other February balances remain the same (as do the car stock and the old debt amounts). The corporate charges thus were $42,471.24, and the total of that statement, including the car stock and old debt accounts, was $52,958.76. That last figure is the starting figure on a July 8, 1966 statement, after which payments totalling $5,000 reduce the statement total to $47,-958.76 as of March 1967 and the time that plaintiffs acquired the account. The best we can assume, from the corporation’s view, is that the corporation paid that $5,000, so that its indebtedness was reduced from $42,471.24 to $37,471.24.[1]
Reversed; judgment for plaintiffs for $37,471.24 with legal interest from judicial demand and all costs.

. Plaintiffs also seek recovery on the basis of a June 1964 “acknowledgment” by the corporate president of the total of the debt, including all of the personal debt (a factually erroneous position, since at most $7,500 of the personal debt was included in the $60,271.24 “acknowledged”).
The acknowledgment was signed by the individual who was then defendant corporation’s president, as part of his unilateral declaration that he would pay, “upon consummation of his loan with the Small Business Administration,” $18,000 to the now-bankrupt’s controlling shareholder. Of that $18,000, $5,200 was to pay a personal debt and $12,800 was to be paid on account of the corporate debt, “which the undersigned acknowledges is as of this date $60,271.24”. The promise of the $18,000 was given “in consideration of the cancellation of the inscription” of a $5,200 judgment against the president individually — which was in fact never cancelled. The most we can say for this acknowledgment is that it does not purport to promise to pay any individual or partnership debts beyond $18,000, even if it be deemed an acknowledgment by the corporation. As an acknowledgment, it is simply mistaken. The testimony of the creditor herself showed that the $7,500 and $5,200 items of the February 1964 statement were personal and not corporate debt. The $60,271.24 “acknowledged” in June exceeds the corporation’s $54,771.24 actual balance of February by $5,500, as the result of (1) treatment of the $5,200 personal debt as paid in accordance with the acknowledgment, leaving only $7,500 personal debt, and (2) payment of $2,000 (by the corporation, we must assume) between the February statement and the June acknowledgment.